**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

NIEVES MARIONI,

      Petitioner-Appellant,

v.

JOE ORTIZ, Executive Director,
C.D.O.C.; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

      Respondents-Appelles.

No. 05-1252
(D.C. No. 05-CV-712-ZLW)
(Colorado)

---

# ORDER

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Nieves Marioni, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) from this court to challenge the district court's dismissal of his § 28 U.S.C. § 2254 petition as untimely. He also seeks to proceed *in forma pauperis* (*ifp*). We exercise jurisdiction under 28 U.S.C.§§ 1291, 2253(c), and liberally construe Mr. Marioni's pleadings and submissions to this court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).[1] For the reasons set out below, we

---

[1] We grant Mr. Marioni's Motion to Amend Appeal dated October 6, 2005.

deny Mr. Marioni's application to proceed *ifp* as well as his application for a COA and dismiss the appeal.

Mr. Marioni is currently serving a twenty-four year sentence after being convicted in Colorado state court in April 2000 for various state crimes. On April 18, 2005, he filed a federal habeas petition claiming his sentence violated his constitutional rights because he was denied a speedy trial. The magistrate judge ordered Mr. Marioni to show cause why his application should not be deemed time barred by the one-year limitation period detailed in 28 U.S.C. § 2244(d). In response, Mr. Marioni claimed the limitation period in § 2244(d) did not apply to him because his underlying conviction was void as a result of the alleged speedy trial violation.

The magistrate judge rejected this argument, concluding that Mr. Marioni's conviction became final in 2000 when the time for filing a direct appeal expired. He thus had a year from that point to file his federal habeas action. The judge also concluded the limitations period was not tolled under § 2244(d)(2) because Mr. Marioni did not allege he filed any motions for post-conviction relief in the state court during the one year after his conviction became final. However, the district court discovered an unpublished order entered by the Colorado Court of Appeals on January 24, 2002, relating to Mr. Marioni's underlying criminal conviction. The district court determined that whether the order was issued in

response to a direct appeal or a post-conviction motion which would have either extended or tolled the one-year period of limitation, Mr. Marioni's federal habeas petition was still time barred because there existed a two-year period in 2003 and 2004 when no state court actions were pending. The district court also declined to find pursuant to *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), that extraordinary circumstances existed to warrant equitably tolling the limitations period. The court therefore dismissed Mr. Marioni's petition as untimely.

We may issue a COA only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court dismisses a habeas petition on procedural grounds, we may issue a COA only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our review of the district court's order, the record on appeal, and Mr. Marioni's submissions to our court, we are not persuaded jurists of reason would find debatable the district court's dismissal of Mr. Marioni's petition as untimely. Moreover, because Mr. Marioni has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny his application to proceed *ifp*. *See*

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

In sum, we **DENY** Mr. Marioni's application for a COA and for *ifp* status

and **DISMISS** the appeal.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge